FILED
SEP 15 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARK ANTHONY ORTEGA §
     Plaintiff, §
                          § Case No.
v.    § SA25CA1161OG
                          §
GO CAR WASH MANAGEMENT, CORP. §
     Defendant. §
                          §

## PLAINTIFF'S ORIGINAL COMPLAINT

1. This action seeks statutory damages for Defendant Go Car Wash Management, Corp.'s unlawful telemarketing practices, which included sending an unsolicited telemarketing text message to Plaintiff Mark Anthony Ortega ("Plaintiff") to market its car wash services. The calls violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the Texas Business and Commerce Code, Chapters 302 and 305. Defendant's conduct has caused Plaintiff harm, including the invasion of his privacy, aggravation, annoyance, intrusion upon his seclusion, and depletion of his phone battery and time.

### BACKGROUND ON THE TCPA

2. Enacted in 1991 with bipartisan support, the TCPA aims to protect consumers from the nuisance and invasion of privacy caused by unsolicited telemarketing calls, reflecting Congress's recognition of such calls as a "scourge of modern civilization." See 137 Cong. Rec. 30821 (1991).

3. Decades later, the TCPA remains a crucial safeguard against the ever-increasing volume of unwanted calls, which consistently rank among the top consumer complaints. *See Omnibus TCPA Order,* 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015*).* The TCPA remains a vital

tool for combating these abuses, and its private right of action is essential to empower individuals to hold violators accountable.

4. The TCPA specifically prohibits the use of automated telephone dialing systems or pre-recorded voice messages to make telemarketing calls to cellular telephones without the prior express consent of the called party. Additionally, the TCPA strictly forbids telemarketing calls to numbers listed on the National Do Not Call Registry. These provisions are designed to protect consumers from the unique harms associated with these types of intrusive calls, including wasted time, invasion of privacy, and the potential for economic loss.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. *See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012)* (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA). As this action involves alleged violations of the TCPA, a federal question is presented, thus conferring jurisdiction upon this Court.

6. Additionally, this Court has supplemental jurisdiction over the claims arising under Tex. Bus. & Com. Code § 302 and § 305. While the Texas Business and Commerce Code, Chapter 302 and 305, is a state law, it complements and supplements the federal TCPA by providing additional protections to Texas residents against unwanted telemarketing calls. Under 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction over state law claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy.

7. In this instance, the claims under the Tex. Bus. & Com. Code § 302 and § 305, are intertwined with the TCPA claims, as they both arise from the same set of facts involving the

Defendant's telemarketing calls to Plaintiff. The legal issues and factual questions involved in both sets of claims are closely related, and it would be efficient and convenient for the Court to address them together in a single proceeding. Therefore, the Court's supplemental jurisdiction is appropriate to encompass the claims arising under Tex. Bus. & Com. Code § 302 and § 305.

8. This Court has personal jurisdiction over the Defendant as they purposefully directed their unlawful telemarketing activities at Texas and specifically at Plaintiff, who resides in this district. By soliciting business from Texas residents, Defendant purposefully availed themselves of the privilege of conducting activities within the State of Texas.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred within this district.

## PARTIES

10. Plaintiff Mark Anthony Ortega is a natural person who resided in San Antonio, Bexar County, Texas at all times relevant hereto.

11. Defendant Go Car Wash Management, Corp. is a Delaware corporation authorized to transact business in Texas. It may be served with process through its registered agent, Corporation Service Company dba CSC - Lawyers Inco, at 211 E. 7th Street, Suite 620, Austin, TX 78701.

12. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

## FACTUAL BACKGROUND

13. On or about January 23, 2012, Plaintiff registered his cellular telephone number, 210-744-9663 ("Plaintiff's Number"), with the National Do Not Call Registry. Plaintiff has never de-listed this number.

14. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of Plaintiff's Number.

15. Plaintiff uses his cellular phone primarily for personal, residential, and household purposes.

16. Plaintiff's Number is designated for residential use, as it is assigned to a consumer telephone exchange service and is not assigned to a telephone exchange service designated for business use.

17. Plaintiff has never has never granted express written consent to Defendant or any entity acting on their behalf to receive telemarketing calls.

18. On or about December 11, 2021, at approximately 1:01 PM, Defendant sent three unsolicited telemarketing text message to Plaintiff's Number. The first message was an advertisement promoting a "GO BIG SALE" with the second message being an image of a Go Big Sale.

19. The third message was "GO Car Wash: On the GO for gifts this Holiday? Let us help you cross the finish line with our GREAT limited time offers!  Buy 5 washes get 2 FREE!  Holiday Special Annual Plan Discount - Up to 2.5 months FREE!  Save time by clicking the link below! https://gocarwash.com/specials Happy Holidays from the GO Team!"

20. Upon receiving the unsolicited message, Plaintiff replied "Stop" to opt out of future communications, thereby making a clear and unambiguous demand to not receive any further messages. Defendant's system sent an automated confirmation that Plaintiff had been opted out.

21. Defendant's unsolicited communication was an unlawful violation that caused Plaintiff harm, including invasion of his privacy, aggravation, annoyance, and intrusion upon his seclusion.

**COUNT I**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c))**

22. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 21.

23. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

24. At all relevant times mentioned herein, Plaintiff's cellular telephone number, (210) 744-9663, was and remains registered on the National Do-Not-Call Registry. Plaintiff's number had been on the Registry for more than 31 days prior to Defendant's calls.

25. Defendant, in violation of 47 U.S.C. § 227(c), initiated, or caused to be initiated, multiple telephone solicitations to Plaintiff's registered telephone number for the purpose of encouraging the purchase of its car wash services.

26. Defendant did not have Plaintiff's prior express written consent to place these telemarketing calls.

27. The aforementioned violations were made willfully and knowingly.

28. As a direct and proximate result of Defendant's violations, Plaintiff is entitled to statutory damages of up to $500 for each and every call that violated the TCPA. Furthermore, because Defendant's violations were willful and knowing, Plaintiff is entitled to, and the Court has the discretion to award treble damages up to $1,500 for each violation.

## COUNT II
### Violation of the Texas Business and Commerce Code
### (Tex. Bus. & Com. Code § 302.101)

29. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 21.

30. Defendant engaged in "telephone solicitation" as defined by Tex. Bus. & Com. Code § 302.001(7), as their unsolicited calls to Plaintiff were made for the purpose of soliciting the sale of its car wash services.

31. Tex. Bus. & Com. Code § 302.101 requires a person to register with the Texas Secretary of State before making telephone solicitations to a consumer in Texas.

32. A diligent search of the Texas Secretary of State's publicly available telemarketer database, conducted by Plaintiff on September 11, 2025, confirming that the Defendant is not registered as a telemarketer as is required to legally engage in telemarketing in the State of Texas. (https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp)

33. Defendant's failure to register before placing telemarketing calls to Plaintiff constitutes multiple, separate violations of this chapter. Section 302.302(a) of the Texas Business and Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation.

34. Furthermore, § 302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney fees.

## COUNT III
**Violation of the Texas Business and Commerce**
**(Tex. Bus. & Com. Code § 305)**

35. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 21.

36. Texas Business and Commerce Code § 305.053(a) explicitly provides a civil cause of action to any person who receives a communication that violates the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. As previously alleged, Plaintiff's telephone number

has been registered on the national "do-not-call" registry since 2012, and it is therefore included on the Texas no-call list protected by this statute.

37. As alleged in detail in Count I, Defendant violated 47 U.S.C. §227(c) by initiating multiple telephone solicitations to Plaintiff's telephone number, despite the number being registered on the National Do Not Call List.

38. Because Defendant's conduct violated 47 U.S.C. § 227, Plaintiff is entitled to bring this separate cause of action for those same violations under Texas state law.

39. Pursuant to Tex. Bus. & Com. Code § 305.053(b), Plaintiff is entitled to recover the greater of his actual damages or $500 for each and every violation.

40. Furthermore, because Defendant's violations were committed knowingly or intentionally, Plaintiff is entitled to an award of treble damages up to $1,500 for each violation, as permitted by Tex. Bus. & Com. Code § 305.053(c).

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief against Defendant:

A. For Defendant's violations of the TCPA, 47 U.S.C. § 227(c), award Plaintiff statutory damages of $500.00 for each violation, and find that Defendant's conduct was willful and knowing, thereby trebling the damages to $1,500.00 for each and every violation;

B. For Defendant's violations of the Texas Business & Commerce Code § 302.101, award Plaintiff statutory damages of up to $5,000.00 for each and every violation;

C. For Defendant's violations of the Texas Business & Commerce Code § 305, award Plaintiff statutory damages of $500.00 for each violation, and find that Defendant's conduct was knowing or intentional, thereby increasing the damages to $1,500.00 for each and every violation;

D. Award Plaintiff all reasonable attorneys' fees, witness fees, court costs, and other litigation expenses incurred by Plaintiff pursuant to Tex. Bus. & Com. Code § 302.302(d);

E. Award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

F. Grant any other and further relief, both at law and in equity, that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Mark Anthony Ortega, demands a jury trial in this case.

Dated: September 11, 2025

Respectfully submitted,

*/s/ Mark A. Ortega*

Mark Anthony Ortega
Plaintiff, Pro Se
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
210) 744-9663